Karen L. Hanks, Esq.
Nevada Bar No. 9578
E-mail: karen@hankslg.com
Chantel M. Schimming, Esq.
Nevada Bar No. 8886
E-mail: chantel@hankslg.com
Hanks Law Group
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139
Telephone: (702) 758-8434
*Attorneys for SFR Investments Pool 1, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC,<br><br>Plaintiff,<br>vs.<br><br>PHH MORTGAGE CORPORATION; DOES I through X; ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-00507-RFB-EJY<br><br>**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

SFR INVESTMENTS POOL 1, LLC ("SFR") hereby moves for a temporary restraining order and preliminary injunction ("Motion") against PHH Mortgage Corporation ("PHH"):

    to enjoin PHH, and its successors, assigns and agents from continuing foreclosure proceedings on real property located at 4575 Dean Martin Drive, Unit 812, Las Vegas, Nevada 89103 Parcel No. 162-20-312-083 (the "Property"). **The foreclosure sale is set for March 25, 2022, at 9:00 a.m.**

SFR is title owner of the Property and is facing a bank foreclosure sale based on a deed of trust that is void/extinguished and by an entity that does not have authority to foreclose. On March 8, 2022, SFR filed a complaint in state court along with a motion for temporary restraining order and preliminary injunction. The hearing is currently set for March 23, 2022, at 9:30 a.m. However, just yesterday, March 22, 2022, PHH removed the action to federal court. Despite being served with the complaint and motion on March 14, 2022, PHH waited until one day before the hearing set for the TRO in state court to remove this action.

…

- 1 -

**DECLARATION IN SUPPORT OF EMERGENCY RELIEF**

I, Karen L. Hanks, hereby declare as follows:

1. On or about March 3, 2021, SFR was notified by its tenant that a Notice of Sale was posted on the Property.

2. As a result, I immediately began researching the history of this Property, particularly the recorded documents.

3. I also emailed Quality Loan's counsel for a payoff in an attempt to learn information about the total payoff in hopes it was an amount SFR could pay to avoid the foreclosure. To date, I have not received a payoff.

4. My office was missing certain recorded documents and as such these had to be requested.

5. Once I confirmed the dates the loan was accelerated and there was no assignment to PHH Mortgage Corporation, I began drafting SFR's complaint.

6. On March 8, 2022, SFR filed its complaint and motion for temporary restraining order and preliminary injunction in state court. The hearing on SFR's motion for TRO is set for March 23, 2022, at 9:30 a.m.

7. Despite being served with the complaint and motion on March 14, 2022, PHH waited until yesterday, March 22, 2022, to remove this action to federal court.

8. On March 22, 2022, I contacted counsel for PHH and asked if they would be willing to move the sale date so SFR could re-file its motion for preliminary injunction in the normal course with this Court and was told she would have to check with her client. Having heard nothing further by the morning of March 23, and with time of the essence, I could not wait any longer to file the instant motion.

…

…

9. With the sale date being set for March 25, 2022, at 9 a.m., and the emergent nature of the instant motion being caused by PHH, rather than SFR, hearing this motion on an emergency basis is warranted.

10. In connection with this litigation, I reviewed the Clark County Recorder's website for records relating to the Property, as well as copies of the relevant recorded documents my office obtained through a title company. The documents attached hereto as **Exhibit A-1** through **Exhibit A-7** are true and correct copies of some of these recorded documents.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND ACCURATE.

Dated this 23rd day of March, 2022.

*/s/ Karen L. Hanks*

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### I.  INTRODUCTION

SFR is title owner to the Property. PHH is now foreclosing on the Property. Additionally, Shellpoint has failed to provide a copy of the Promissory Note as requested pursuant to NRS 107.260. In sum, Shellpoint has refused and/or is unable to provide the documents necessary to establish Shellpoint actually has the authority to foreclose. In order to avoid irreparable injury, SFR files the instant motion for temporary restraining order and preliminary injunction on an emergency basis to stop the wrongful sale set to take place on **Friday, March 25, 2022, at 9:00 a.m.**

### II.  SUMMARY OF RELEVANT FACTS

| DATE | FACTS |
|---|---|
| August 7, 2007 | A deed of trust which identified Countrywide Home Loans, Inc. ("Countrywide") as the Lender, and Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as a nominee for Countrywide and its successors and assigns, as beneficiary, was recorded against the |

|  | |
|---|---|
|  | Property on August 7, 2007, as Instrument No.: 20070807-0004425 ("Deed of Trust").[1]<br><br>Paragraph 22 of the Deed of Trust states that "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument… . The notice shall specify…that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property."[2] |
| December 3, 2010 | A Notice of Default/Election to Sell Under Deed of Trust was recorded against the Property as Instrument No. 201012030002756.[3]<br><br>The NOD indicates the Borrower became delinquent on April 1, 2010.[4]<br><br>The NOD further states the beneficiary "has declared and does hereby declare all sums secured thereby immediately due and payable… ."[5] |
| June 5, 2012 | An Assignment of Deed of Trust was recorded as Instrument No. 201206050000267 in which the Deed of Trust was assigned from MERS to Bank of America, N.A.[6] |
| September 5, 2012 | An Assignment of Deed of Trust was recorded as Instrument No. 201209050002137 in which the Deed of Trust was assigned from Bank of America to Ocwen Loan Servicing, LLC.[7] |
| July 26, 2013 | SFR obtained title to the Property on July 26, 2013, via a Quitclaim Deed recorded in the Official Records of the Clark County Recorder on August 5, 2013, as Instrument No. 201308050005685.[8] |
| November 4, 2021 | A Notice of Default and Election to Sell was recorded against the Property as Instrument No. 20211104-0002505. The Notice of Default indicates PHH Mortgage Corporation is the beneficiary of the Deed of Trust and current holder of the Note which the Deed of Trust secures.[9] |

---

[1] *See* Deed of Trust, attached as **Exhibit A-1.**

[2] *Id.*

[3] *See* NOD attached as **Exhibit A-2.**

[4] *Id.*

[5] *Id.*

[6] *See* Assignment attached as **Exhibit A-3.**

[7] *See* Assignment attached as **Exhibit A-4.**

[8] *See* Quitclaim Deed attached as **Exhibit A-5.**

[9] *See* NOD attached as **Exhibit A-6.**

| | |
|---|---|
| | There is no assignment of record wherein either the Deed of Trust and/or Note was assigned to PHH Mortgage Corporation. |
| February 28, 2022 | A Notice of Trustee's Sale recorded against the Property as Instrument No.: 20220228-0003712, scheduling a foreclosure sale for **March 25, 2022, at 9:00 AM.**[10] |

### III.   LEGAL ARGUMENT

#### A. Legal Standard

Rule 65 of the Federal Rules of Civil Procedure governs preliminary injunctions. A preliminary injunction may be issued if a moving party establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the moving parties' favor; and (4) that an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Here, SFR meets all four factors.

#### B. SFR will Suffer Immediate, Irreparable Harm Without Injunctive Relief

SFR is at risk of immediate and irreparable harm. Nevada law is clear that the loss of real property rights generally constitutes irreparable harm because "real property and its attributes are considered unique."[11] Where there is a strong probability of success on the merits, like here, the movant need only demonstrate that it will suffer a degree of hardship that outweighs the hardship of the defendant.[12] Nothing in Nevada law limits irreparable harm to the loss of real property to a principal residence. Further, SFR's ability to use the Property for its enjoyment or to otherwise use or sell the Property for profit will be immediate and irreparable. Any sale with further cloud title to the Property and will potentially add another third-party purchaser into the fray. In addition, SFR's business will be harmed.[13] Once the Property is sold, SFR will have lost the unique business

---

[10] See NOS attached as **Exhibit A-7.**
[11] *See Dixon v. Thatcher*, 103 Nev. 414, 416, 742 P.2d 1029, 1030 (1987) (holding that real property and its attributes are considered unique and loss of real property rights generally results in irreparable harm)(citing *Leonard v. Stoebling,* 102 Nev. 543, 728 P.2d 1358 (1986) and *Nevada Escrow Service, Inc. v. Crockett,* 91 Nev. 201, 533 P.2d 471 (1975) (denial of injunction to stop foreclosure reversed because legal remedy inadequate).
[12] *See Topanga Press, Inc. v. City of Los Angeles*, 989 F.2d 1524, 1528 (9th Cir. 1993).
[13] The Nevada Supreme Court acknowledges this irreparable harm in *Sobol v. Capital Management Consultants*, 102 Nev. 444, 726 P.2d 335, 337 (1986).

asset—the Property itself. Because SFR will suffer immediate and substantial harm, as opposed to Shellpoint who will merely be restrained from conducting a sale on a certain date, on a property in which it may not actually have a security interest, the Court should grant SFR injunctive relief.

**C. SFR Has a Likelihood of Success on the Merits,**

    *1. PHH cannot show it has authority to foreclose.*

SFR will likely succeed on the merits in this litigation because a proper chain of ownership of the Promissory Note and Deed of Trust must be established by PHH. The Promissory Note and Deed of Trust were split at origination and upon information and belief have never been reunited, calling into question PHH"s authority to foreclose. Further, despite claiming it is the current beneficiary of the deed of trust and holder of the note, no assignment of record exists showing PHH was ever assigned the deed of trust or note.

    *2. The Deed of Trust terminated by operation of NRS 106.240.*

All sums secured by the Deed of Trust were accelerated in or around May 2010, but at the latest on December 3, 2010, making all sums under the Note wholly due and immediately payable. After default on or before April 1, 2010, the Borrower made no further payments on the loan. Additionally, at no time within six years after acceleration did any entity claiming an interest in the deed of trust take any clear and unequivocal affirmative act necessary to decelerate the loan. Pursuant to NRS 104.3118(1), after December 3, 2016, the Bank could no longer rescind the acceleration. By virtue of the acceleration, pursuant to NRS 106.240, the Deed of Trust was terminated/discharged in or around May 15, 2020, but in no event later than December 3, 2020.

**D. The Balance of Equities Weigh In SFR's Favor**

The lack of authority to foreclose, coupled with the termination of the deed of trust, tips

---

> Without expressing an opinion on the merits of Sobol's complaint below, we conclude that Sobol has established a reasonable likelihood of prevailing on the merits. Furthermore, acts committed without just cause **which unreasonably interfere with a business or destroy its credit or profits, may do an irreparable injury and thus authorize and injunction.** *Guion v. Terra Marketing of Nev., Inc.*, 90 Nev. 237, 240, 523 P.2d 847, 848 (1974).

(Emphasis added).

the equities in favor of SFR.

### E. **An Injunction is in the Public Interest.**

An injunction is in the public interest. First, if the Property goes to foreclosure sale a third-party may unwittingly purchase the Property with a faulty belief that PHH is well within its rights to sell the Property, only to be mired in litigation. Further, in SFR's experience, when banks have pushed forward with a foreclosure sale inappropriately, resources and time the parties must spend in litigation are multiplied and the families that live in the properties are thrown into a state of worry and distress, if not outright eviction by the Bank. Public policy supports finality in non-judicial foreclosure sales. Notwithstanding the possibility the Deed of Trust here has been terminated, at a minimum, this Court must require PHH to first establish its authority to foreclose before allowing it to proceed to sale. There is no public policy that supports a bank non-judicially foreclosing without a valid security interest.

### F. **A *De Minimis* Bond is Sufficient.**

The express purpose of posting a security bond is to protect a party from damages incurred as a result of a wrongful injunction, not from damages existing before the injunction was issued.[14] PHH is only entitled to damages, if any, caused by the delay in the foreclosure of the Deed of Trust. The time it will take to resolve this litigation is unlikely to negatively impact the amount PHH could recover at a foreclosure sale. But given the likelihood of success on the merits, PHH will likely never reach foreclosure. Thus, SFR requests that it only be required to post a *de minimis* bond of $100.

…

…

---

[14] *See* FRCP 65; *Glens Falls Ins. v. First Nat'l Bank*, 83 Nev. 196, 427 P.2d 1 (1967).

### IV. CONCLUSON

SFR asks this Court to issue a temporary restraining order and preliminary injunction to avoid irreparable damage. This Court should enter an order enjoining PHH, its successors, assigns, and agents from continuing foreclosure proceedings during the pendency of this case. The Court should also enjoin PHH and/or its agents from entering the Property or disturbing the tenants.

DATED this 23rd day of March, 2022.

HANKS LAW GROUP

 /s/ Karen L. Hanks
KAREN L. HANKS, ESQ.
Nevada Bar No. 9578
CHANTEL M. SCHIMMING, ESQ.
Nevada Bar No. 8886
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139-5974
*Attorneys for SFR Investments Pool 1, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of March, 2022, pursuant to FRCP 5(b)(2)(E), I caused service of a true and correct copy of the foregoing **EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** to be made electronically via the U.S. District Court's Case Management/Electronic Case Files (CM/ECF) system upon the following parties at the e-mail addresses listed below:

Christina Miller, Esq.
Wright, Finlay & Zak
7785 West Sahara Avenue, Suite 200
Las Vegas, NV 89117
Email: cmiller@wrightlegal.net
*Attorney for PHH Mortgage Corporation*

                          */s/ Candi Fay*
                          an employee of Hanks Law Group