UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PHH MORTGAGE CORPORATION; DOES I through X; ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | Case No. 2:22-cv-00507-RFB-EJY<br><br>**ORDER** |

Before the court is Plaintiff SFR Investments Pool 1, LLC's ("SFR") motion for a temporary restraining order. ECF No. 5. The motion is supported by a memorandum of points and authorities, the declarations of Karen L. Hanks, Esq., and various exhibits. This case was removed from District Court, Clark County, Nevada by Defendants PPH on March 22, 2022. ECF No. 1.

A temporary restraining order may be issued without notice to the adverse party only if the moving party: (1) provides a sworn statement clearly demonstrating "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) sets forth the efforts made to notify the opposing party and why notice should not be required. Fed. R. Civ. P. 65(b)(1). TROs issued without notice "are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439 (1974)). The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a preliminary injunction, a plaintiff must establish four

elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

The Court finds that, based on the facts alleged in the Complaint and Motion for Temporary Restraining Order, there "serious questions going to the merits" are raised by the motion. Alliance For The Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-1132 (9th Cir. 2011); see also Clear Channel Outdoor, Inc. v. City of L.A., 340 F.3d 810, 813 (9th Cir. 2003). The Court finds that, if it were to accept the Plaintiff's allegations, there is the potential for the claim to be successful. The Court further finds that Plaintiff will suffer irreparable harm if an injunction does not issue due to the loss of the Property, a unique asset. See Dixon v. Thatcher, 742 P.2d 1029, 1030 (Nev. 1987). The balance of equities is in favor of Plaintiff because the TRO will not harm Defendant's interests and there is a strong public interest in the validity of non-judicial foreclosure sales. Thus, Plaintiff's motion satisfies the requirements of a TRO.

The Court also finds that granting a TRO motion without written or oral notice to Defendant or his attorney is proper in this case. Plaintiff has provided specific facts which clearly show immediate and irreparable injury, loss, or damage will result to themselves before the Defendant can be heard in opposition. Plaintiff's attorney has also certified in writing the reasons why it should not be required pursuant to Fed. R. Civ. P. 65(b), namely that the foreclosure sale is set to occur on March 25, 2022. See ECF No. 5-7.

Federal Rule of Civil Procedure 65(c) provides that "The court may issue a…temporary restraining order only if the movant gives security in an amount the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." A district court retains discretion "as to the amount of security required, if any." Johnson v. Couturier, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original). The court may dispense with the filing of a bond if "there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." Jorgensen v.

Cassiday, 320 F.3d 906, 919 (9th Cir. 2003). Accordingly, the Court finds that a *de minimis* bond of $100 shall be required to be posted.

Based upon the Complaint, the Motion and all exhibits attached thereto, the discussion above, and for good cause appearing, the Court orders as follows:

Temporary Restraining Order

1. IT IS ORDERED that Plaintiff's Motion for a Temporary Restraining Order, without formal notice to the other side or hearing is GRANTED. The Temporary Restraining Order (TRO), as detailed below, shall remain in force for the earlier of 14 days or until a Preliminary Injunction Hearing is scheduled.

2. IT IS FURTHER ORDERED that Defendant PHH, and its successors, assigns and agents are enjoined from continuing foreclosure proceedings on real property located of 4575 Dean Martin Drive, Unit 812, Las Vegas, Nevada 89103 Parcel No. 162-20-312-083.

Orders

1. IT IS FURTHER ORDERED that Defendant shall file any response to Plaintiff's Application for Preliminary Injunction on or before April 1, 2022. Plaintiffs will have up to and including April 5, 2022 to reply to Defendant's response. The Court will provide details regarding a Preliminary Injunction hearing at a later date.

**IT IS SO ORDERED.**

**DATED**: March 24, 2022.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**