UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PHH MORTGAGE CORPORATION, <br><br> Defendant. | Case No. 2:22-cv-00507-RFB-EJY <br><br> **ORDER** |

Before the court is Plaintiff SFR Investments Pool 1, LLC's ("SFR") Motion for a Preliminary Injunction. ECF No. 6. The motion is supported by a memorandum of points and authorities, the declarations of Karen L. Hanks, Esq., and various exhibits. This case was removed from District Court, Clark County, Nevada by Defendants PPH on March 22, 2022. ECF No. 1.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised

and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements.  Id. at 1134–35 (citation omitted).

The Court finds that, based on the facts alleged in the Complaint and Motion for Preliminary Injunction, and the hearing before the Court, there are "serious questions going to the merits" raised by the motion. Alliance For The Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-1132 (9th Cir. 2011); see also Clear Channel Outdoor, Inc. v. City of L.A., 340 F.3d 810, 813 (9th Cir. 2003), specifically serious questions about the instance and/or date of deceleration of the relevant loan. The Court finds that there are unresolved factual disputes, which raise serious questions going to the merits of this case. Specifically, the Court finds that the timing as to when the underlying note became wholly due pursuant to its own terms could be dispositive as to the respective positions of each party. The determination of this factual dispute as well as the dispute regarding the deceleration of the note cannot be resolved upon the current record before the Court. Until these issues are resolved, the Court finds that it must issue an injunction to preserve the status quo. See Barahona-Gomez v. Reno, 167 F.3d 1228, 1234 (9th Cir. 1999) ("A preliminary injunction is not a preliminary adjudication on the merits, but a device for preserving the status quo and preventing the irreparable loss of rights before judgment.") The Court further finds that Plaintiff will suffer irreparable harm if an injunction does not issue due to the loss of the Property, a unique asset. See Dixon v. Thatcher, 742 P.2d 1029, 1030 (Nev. 1987). The balance of equities also tips in favor of Plaintiff because the preliminary injunction will not harm Defendant's interests and there is a strong public interest in the validity of non-judicial foreclosure sales. Thus, Plaintiff's motion satisfies the requirements for a preliminary injunction.

Federal Rule of Civil Procedure 65(c) provides that "The court may issue a preliminary injunction…only if the movant gives security in an amount the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." A district court retains discretion "as to the amount of security required, if any." Johnson v. Couturier, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original). Because both the cost of re-issuing the notice of sale and the potential loss

in value of the property that could occur during the pendency of litigation, the Court finds that a bond of $5,000 shall be required to be posted.

For the reasons stated,

**IT IS ORDERED** that Plaintiff's Motion for a Preliminary Injunction [ECF No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant PHH, and its successors, assigns and agents are enjoined from continuing foreclosure proceedings on real property located of 4575 Dean Martin Drive, Unit 812, Las Vegas, Nevada 89103 Parcel No. 162-20-312-083. Defendant PHH and its successors, assigns and agents shall take no action to foreclose or further encumber this property in any way without permission from the Court.

**IT IS FURTHER ORDERED** that Plaintiff SFR shall post a bond of $5,000 with the Clerk of the Court by May 2, 2022.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, ECF No. 17, is **DENIED** without prejudice for the reasons stated at the hearing on April 28, 2022.

**IT IS FURTHER ORDERED** that discovery shall be commenced and completed no later than July 1, 2022. Each party will be permitted to conduct one deposition. Parties may also request documents relating to the issue of acceleration/deceleration of the note.

**IT IS FURTHER ORDERED** that the parties shall have until July 15, 2022 to file dispositive motions.

**DATED**: April 29, 2022.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**